KIRK T. KENNEDY, ESQ.
Nevada Bar No: 5032
815 S. Casino Center Blvd.
Las Vegas, NV 89101
(702) 385-5534
email: ktkennedylaw@gmail.com
Attorney for Plaintiffs

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JAMES PINTAR and TRICIA PINTAR,  )
                                 )
        Plaintiff,               )
                                 )
vs.                              )
                                 )
AAA NEVADA FIRE & CASUALTY       )
INSURANCE COMPANY; a foreign     )
corporation; AAA INSURANCE; a foreign )
corporation;                     )
DOES I through X, inclusive,     )
ROE CORPORATIONS 1-10, inclusive, )
                                 )
        Defendants.              )
_____)

# COMPLAINT

## Jury Trial Demanded

COMES NOW, the Plaintiffs, JAMES PINTAR and TRICIA PINTAR, by and through their undersigned counsel, KIRK T. KENNEDY, ESQ., who file this Complaint against the Defendants and would allege as follows:

1. Plaintiffs, JAMES PINTAR and TRICIA PINTAR, are a residents of Clark County, Nevada and did so reside herein during all events complained of in this action.

2. Defendant, AAA NEVADA FIRE & CASUALTY INSURANCE COMPANY, is a foreign corporation licensed to operate in Nevada and did so operate herein during all events complained of in this action.

3. Defendant, AAA INSURANCE, is a foreign corporation licensed to operate in Nevada and did so operate herein during all events complained of in this action.

1

4. Defendants designated as Doe and Roe are unknown to Plaintiff at this time, however, Plaintiff believes and would contend that Doe and Roe are contractually, negligently and/or are otherwise responsible for the actions complained of herein and Plaintiff does hereby sue said Defendants Doe and Roe as set forth in this action. Plaintiff will seek leave of court to amend this action when the identities of Defendants Doe and Roe become known.

5. Both jurisdiction and venue are appropriate because the Defendants are, jointly, foreign corporations that are licensed to operate in Nevada; the acts complained of herein occurred in Clark County, Nevada, and, further, the amount in controversy exceeds the jurisdictional minimum of this Court for purposes of diversity jurisdiction.

6. Federal jurisdiction based on diversity of the parties pursuant to 28 USC Section 1332 is invoked herein as the Plaintiffs, and each of them, are citizens of the State of Nevada and the Defendants AAA Nevada Fire & Casualty Insurance Company and AAA Insurance have their principal place of business in the State of California; therefore, there is complete diversity of citizenship for purposes of federal jurisdiction, and, further, the amount in controversy exceeds $75,000 as alleged herein.

7. At all times relevant herein, Plaintiffs maintained a written policy contract for homeowners based insurance coverage with the Defendants under AAA policy number HO5-003969748 to provide such insurance coverage to their residential property located at 5854 Alfred Drive, Las Vegas, NV 89108.

8. The aforementioned policy provides insurance based coverage for the Plaintiffs' dwelling, other structures, personal property, loss of use, personal liability coverage and medical payments, all as stated in the policy for varying designated policy amounts.

9. On or about August, 2018, a weather related wind event caused two large trees located within the confines of Plaintiff's residential property area to topple over and severely damage the Plaintiffs' home, the home structure and other items within the property.

10. Plaintiffs initiated a claim for insurance coverage related to the event with the Defendants in August, 2018, under claim number 1002-82-8541, and the Defendants

accepted coverage and liability as mandated for this event by the subject insurance policy.

11. The Plaintiffs initiated various forms of repair related activities to their home premised upon the Defendants' agreement and acceptance of the subject claim, which necessitated Plaintiffs retaining and hiring various contractors and workmen to conduct repairs to the property.

12. On or about November, 2019, while the work and repairs remained pending from the first damage claim event at the subject property, a water flooding event occurred at the Plaintiffs' home which caused the initiation of a second claim for homeowners insurance coverage by the Plaintiffs with the Defendants to conduct the necessary repairs under claim number 1003-56-9234.

13. As of November, 2019, Plaintiffs therefore had two property damage events which necessitated repairs and construction activities by contractors and others, which was intended to be covered by the Defendants' homeowners insurance policy.

14. Insurance covered repairs and construction activities occurred at the Plaintiffs' residence from 2018 to the present related to both aforementioned insurance claim events.

15. Throughout the course of dealings between the parties related to the insurance coverage damage events, the Plaintiffs suffered problems and disputes from the Defendants regarding (1) the proper and necessary evaluation of the claims by the Defendants; (2) disputes with the Defendants regarding the nature, extent and scope of insurance coverage to be provided related to the subject claims of the Plaintiffs; (3) disputes with the Defendants regarding the Defendants' overall claim valuation as to each filed claim by the Plaintiffs; (4) the refusal of the Defendants to fairly and reasonably tender necessary payments to cover and pay for repair and refurbishment activities by third party contractors for the Plaintiffs' home; (5) the refusal of the Defendants to cover and pay for all necessary and related repairs to the Plaintiffs' home, as required by the policy of insurance coverage and (6) the Defendants failure to deal in good faith with the Plaintiffs related to each filed claim event.

16. The Defendants conduct, as stated herein, is in violation of Nevada law as stated in N.R.S. 686A.310 regarding its legal obligations owed to the Plaintiffs related to the processing, evaluation and handling of their two policy claims.

17. Based on the Defendants' conduct as referenced in Paragraph 15, Plaintiffs have been forced to independently expend and pay for necessary repairs and construction related expenses from their own resources, which Defendants have unreasonably, intentionally and willfully failed to pay and cover despite the requirements of the parties' insurance contract.

18. As a direct and proximate result of the Defendants' actions, Plaintiffs have suffered harm and damages in excess of $75,000 and to the extent that Defendants' actions were willful and malicious and/or in bad faith, Plaintiffs seek an award of punitive damages in excess of $500,000 to be determined through trial.

## FIRST CLAIM FOR RELIEF

## BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

19. Plaintiffs reallege, readopt and reincorporate the allegations contained in paragraphs 1 through 18 as though fully set forth herein.

20. Every contract or agreement requires the parties to deal fairly and in good faith with one another to effectuate the terms and conditions of said contract/agreement.

21. The parties hereto maintained an insurance contract to provide homeowners insurance coverage for the Plaintiffs' residential property according to the terms and conditions stated in the insurance contract.

22. Defendants materially, willfully and intentionally breached the covenant of good faith and fair dealing as it relates to the contract for homeowners coverage with the Plaintiffs by (1) failing to complete a proper and necessary claim evaluation of the Plaintiffs' property damage claims; (2) failing to apply and provide the necessary and required insurance coverage as mandated by the parties' contract of insurance to the Plaintiffs' claims; (3) failing to conduct and provide a reasonable, fair and adequate claim valuation as to each filed claim by the Plaintiffs; (4) Defendants failing and

refusing to fairly and reasonably tender necessary payments to cover and pay for repair and refurbishment activities by third party contractors for the Plaintiffs' home; (5) Defendants refusing and failing to cover and pay for all necessary and related repairs to the Plaintiffs' home, as required by the policy of insurance coverage; and (6) Defendants failing to deal in good faith with the Plaintiffs related to each filed claim event.

23. Defendants' conduct, as alleged herein, was in bad faith and in derogation to the requirements and conditions set forth in the applicable policy of insurance with the Plaintiffs.

24. Plaintiffs have suffered harm and damages as a result of the Defendants' conduct in an amount in excess of $75,000, and to the extent that Defendants' actions were willful and malicious and/or in bad faith, Plaintiffs seek an award of punitive damages in excess of $500,000 to be determined through trial.

## SECOND CLAIM FOR RELIEF
## BREACH OF INSURANCE CONTRACT

25. Plaintiffs reallege, readopt and reincorporate the allegations contained in paragraphs 1 through 24 as though fully set forth herein.

26. The parties entered into a written contract wherein Defendants provided homeowners insurance coverage, subject to various contract terms and conditions, to the Plaintiffs in exchange for Plaintiffs agreement and payment of policy premiums for the stated insurance coverage.

27. Defendants willfully, intentionally, materially, unreasonably and in bad faith breached this agreement related to the processing, handing and evaluation of the Plaintiffs' two property damage claim events by (1) failing to complete a proper and necessary claim evaluation of the Plaintiffs' property damage claims; (2) failing to apply and provide the necessary and required insurance coverage as mandated by the parties' contract of insurance to the Plaintiffs' claims; (3) failing to conduct and provide a reasonable, fair and adequate claim valuation as to each filed claim by the Plaintiffs; (4)

Defendants failing and refusing to fairly and reasonably tender necessary payments to cover and pay for repair and refurbishment activities by third party contractors for the Plaintiffs' home; (5) Defendants refusing and failing to cover and pay for all necessary and related repairs to the Plaintiffs' home, as required by the policy of insurance coverage; and (6) Defendants failing to deal in good faith with the Plaintiffs related to each filed claim event.

28. Defendants' conduct, as stated herein, is a material breach of the parties' insurance contract and has been performed unreasonably and in bad faith in derogation to the rights and benefits allocated to the Plaintiffs by the underlying contract for homeowners insurance coverage benefits.

29. Plaintiffs have suffered harm and damages as a result of the Defendants' conduct in an amount in excess of $75,000, and to the extent that Defendants' actions were willful and malicious and/or in bad faith, Plaintiffs seek an award of punitive damages in excess of $500,000 to be determined through trial.

## THIRD CLAIM FOR RELIEF
## VIOLATIONS OF N.R.S. 686A.310 BY ENGAGING IN UNFAIR PRACTICES

30. Plaintiffs reallege, readopt and reincorporate the allegations contained in paragraphs 1 through 29 as though fully set forth herein.

31. Nevada Revised Statute 686A.310(1) sets forth a number of unfair practices, designated by the Nevada Legislature, that may invoke the liability for damages from an insurer to an insured, as stated in NRS 686A.310(2).

32 Plaintiffs allege that Defendants have willfully, intentionally and materially breached one or more provisions of N.R.S. 686A.310(1) based on its conduct, as set forth herein, related to the processing of Plaintiffs' claim for homeowners insurance benefits, specifically, Plaintiffs allege that the Defendants have willfully, intentionally and materially breached the provisions of N.R.S. 686A.310(1)(a)(b)(e) and (f), as well as other provisions of the statute and Nevada law.

33. Defendants failure and refusal to tender the coverage benefits in full to the Plaintiffs

and to properly evaluate the full nature, extent and scope of the Plaintiffs' two homeowners insurance claims is a material breach of the parties' contract and of the provisions of N.R.S. 686A.310(1) and was performed unreasonably and in bad faith in derogation to the rights and benefits allocated to the Plaintiffs by the underlying contract for homeowners insurance benefits and in accordance with Nevada law.

34. Plaintiffs have suffered harm and damages as a result of the Defendants' conduct in an amount in excess of $75,000, and to the extent that Defendans' actions were willful and malicious and/or in bad faith, Plaintiff s seek an award of punitive damages in excess of $500,000 to be determined through trial.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs pray for judgment against the Defendants as follows:

1. An award of general damages in excess of $75,000.
2. An award of special damages in excess of $75,000;
3. An award of punitive damages in excess of $500,000;
4. An award of attorney's fees, interest and costs of suit.
5. Any such other and further relief deemed appropriate by this Court.

Dated this 21st day of April, 2021.

/s/Kirk T. Kennedy
KIRK T. KENNEDY, ESQ.
Nevada Bar No: 5032
815 S. Casino Center Blvd.
Las Vegas, NV 89101
(702) 385-5534
Attorney for Plaintiffs

## JURY DEMAND

Pursuant to FRCP Rule 38, Plaintiffs hereby demand a trial by jury of all issues in this complaint.

Dated this 21st day of April, 2021.

/s/Kirk T. Kennedy
KIRK T. KENNEDY, ESQ.
Nevada Bar No: 5032
815 S. Casino Center Blvd.
Las Vegas, NV 89101
(702) 385-5534
Attorney for Plaintiffs