# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| James Pintar, et al., | Case No. 2:21-cv-00652-CDS-EJY |
| Plaintiffs | **Order Rejecting Proposed Joint Pretrial Order** |
| v. | [ECF No. 45] |
| CSAA General Insurance Company, et al., | |
| Defendants | |

This is a breach of insurance contract case. The parties filed a proposed joint pretrial order. ECF No. 45. For the following reasons, the joint pretrial order does not comply with Local Rules (LR) 16-3 and 16-4, thus I reject it.

First, based on the consecutive Bates numbering, plaintiffs appear to list every document produced in this case for their trial exhibits. ECF No. 45 at 3–5. Local Rule 16-3(b)(8) requires parties to list the "exhibits that will be offered in evidence by the parties at the trial." Listing every document with no attempt to cull does not satisfy this rule. Nor is it permissible to include the catch-all of "Plaintiffs['] Responses to Defendant's [First, Second, Third] Set of Request for Documents" as defendants have done here. *Id.* at 6. If what defendants mean is every single document that plaintiffs identified in response to their document requests, this is noncompliant. Again, under LR 16-3(b)(8), not only must the list include only the exhibits that will be offered at trial, but those exhibits must be described "sufficiently for ready identification[.]"

Both sides also incorrectly attempt to reserve their right to object to the other side's exhibits. *Id.* at 7. No such right exists. Local Rule 16-3(b)(8)(B) requires the parties to state the grounds for each objection to each specific exhibit.

In addition, defendants seem to identify every person who has been identified in discovery, without any analysis as to whether those witnesses are truly needed at trial. *Id.* at 7–9. It would be impossible to present 36 witnesses in a four-day trial as the parties have requested.

While the parties are not required to list only those exhibits and witnesses that they are sure to offer at trial, they cannot simply list every document and person identified in discovery. The purpose behind the joint pretrial order is to streamline trial preparation and the presentation of evidence.

## Conclusion

IT IS THEREFORE ORDERED that the parties' proposed joint pretrial order **[ECF No. 45] is REJECTED**. The parties must confer and submit a second proposed joint pretrial order by March 12, 2024.

Dated: February 28, 2024

_____
Cristina D. Silva
United States District Judge