UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| James Pintar and Tricia Pintar, | Case No. 2:21-cv-00652-CDS-EJY |
| Plaintiffs | **Order Finding Diversity Jurisdiction and Issuing Separate Judgment Pursuant to Fed. R. Civ. P. 54(b)** |
| v. | |
| CSAA General Insurance Company, | |
| Defendant | |

On April 27, 2026, the Ninth Circuit Court of Appeals remanded this action for the limited purpose of resolving appellate jurisdictional issues. *See* Order, ECF No. 68. The remand was issued after the court requested supplemental briefing on the jurisdiction question and held oral argument on the appeal. *See generally James Pintar & Tricia Pintar v. CSAA Gen. Ins. Co. et al.*, No. 25-3634 (9th Cir. Apr. 27, 2026). In its supplemental brief, defendant CSAA General Insurance argued, for the first time, that the court lacked jurisdiction because the plaintiffs failed to properly assert diversity jurisdiction, and that the Ninth Circuit lacked appellate jurisdiction because this court did not enter final judgment. *See id.* at Dkt. No. 27. The plaintiffs argued the opposite, asserting that diversity jurisdiction was properly alleged because the only error was the name of the defendant, and further, while recognizing that partial summary judgment orders are generally not appealable, this case warrants issuance of final judgment pursuant to Rule 54(b). *See id.* at Dkt. No. 24.

The remand order directed this court to grant, in my discretion: (1) leave to amend the pleadings in accordance with *Rosenwald v. Kimberly-Clark Corp.*, 152 F.4th 1167, 1174 (9th Cir. 2025), to resolve the potential subject matter jurisdiction issue given how the plaintiffs' pleaded diversity of citizenship, and (2) to enter final judgment to resolve any question about appellate jurisdiction. *See id.* at 2. This court set a hearing to discuss the order with the parties, during

which the court heard arguments from both sides. During the May 7, 2026 hearing, the plaintiffs argued that this court should resolve the jurisdictional issue by entering a separate judgment pursuant to Fed. R. Civ. P. 54(b). CSAA opposed that request, maintaining there was no appellate jurisdiction, despite acknowledging that the spirit of the stipulation to dismiss was to permit the plaintiffs to appeal the order granting partial summary judgment. At the conclusion of the hearing, I took the matter under advisement.

I find that the plaintiffs properly bring this action under diversity jurisdiction. Though the complaint erroneously names the defendant, the record is devoid of any legitimate challenge to diversity citizenship. I also grant the plaintiffs leave to amend the complaint to correct the name of the defendant. Finally, I also issue a separate judgment pursuant to Fed. R. Civ. P. 54(b).

I.      Background

On October 16, 2023, I granted in part defendant CSAA General Insurance Company's motion for partial summary judgment. *See* Order, ECF No. 42. Specifically, I granted summary judgment on the plaintiffs' breach of the covenant of good faith and fair dealing and prayer for punitive damages but denied the motion on plaintiffs' unfair claims practices act claim.[1] *See id.* The parties were directed to a settlement conference; however, settlement efforts were unsuccessful, so this action returned to the litigation track. *See* Mins., ECF No. 44 (noting no settlement was reached). The case was set for trial on May 19, 2025. *See* Mins., ECF No. 60. However, a week before trial was set to commence, the parties filed a stipulation to dismiss. Stip., ECF No. 62. Therein, the parties jointly agreed to: (1) dismiss with prejudice the plaintiffs' second claim for breach of contract, and (2) permit the plaintiffs to preserve the right to appeal this court's order granting partial summary judgment. *See id.* The plaintiffs filed a timely notice of appeal. Not., ECF No. 64. After briefing was complete, the Ninth Circuit requested the

---

[1] This claim was dismissed without prejudice because the plaintiffs' conceded that Nevada Revised Statute gives exclusive jurisdiction to the commissioner of the Nevada Department of Insurance (NDOI) for any claims arising under 686A.310, and there was no evidence before the court that the Pintars exhausted their administrative remedies before bringing their UCPA claim. *See* ECF No. 42 at 6–7.

supplemental briefing discussed above. After oral argument before the panel, the case was remanded to resolve the issues addressed herein. *See* Order, ECF No. 68.

**II.    Legal standard**

 **A.  Diversity of citizenship**

  A federal court has "an independent obligation to determine whether subject-matter jurisdiction exists," and may raise the issue "on its own initiative, at any stage in the litigation." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506, 514 (2006). A district court has subject matter jurisdiction only where the amount in controversy exceeds $75,000 and there is complete diversity among the parties. 28 U.S.C. § 1332(a). Parties are completely diverse when no plaintiff shares a domicile with any defendant in the case. *GranCare, LLC v. Thrower*, 889 F.3d 543, 548 (9th Cir. 2018). For diversity purposes, a corporation is a citizen of its state of incorporation and its principal place of business. *See* 28 U.S.C. §§ 1332(a), 1332(c)(1); *see also Rosenwald*, 152 F.4th at 1175. A corporation's "principal place of business" is where its officers "direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010).

 **B.  Federal Rule of Civil Procedure 54(b)**

  Federal Rule of Civil Procedure Rule 54(b) allows the court to "direct the entry of a final judgment as to one or more but fewer than all of the claims or parties" when there is "no just reason for delay." Fed. R. Civ. P. 54(b). To enter a separate judgment under Rule 54(b), the judgment must be a "final judgment." *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7–8 (1980). Further, the district court must make express findings that there is no "just reason for delay." Fed. R. Civ. P. 54(b); *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 954 (9th Cir. 2006). Specifically, these findings must show: (1) that the "interrelationship of the claims" will not lead to "piecemeal appeals"; and (2) the equities—such as "efficient judicial administration," prejudice, and delay—warrant a separate judgment. *S.E.C. v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1084–85 (9th Cir. 2010). "[I]n the interest of judicial economy Rule 54(b) should be used

sparingly." *Gausvik v. Perez*, 392 F.3d 1006, 1009 n.2 (9th Cir. 2004). Rule 54(b) judgments are reserved "for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." *Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981).

### C. Leave to amend

Under Federal Rule of Civil Procedure 15(a), courts should "freely" grant leave to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a). "Several factors govern the propriety of a motion to amend: (1) undue delay, (2) bad faith, (3) prejudice to the opponent, and (4) futility of amendment." *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 766 (9th Cir. 1986) (citation omitted). "Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal." *Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018). A "proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Sweaney v. Ada Cnty.*, 119 F.3d 1385, 1393 (9th Cir. 1997) (quoting *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)).

## III.  Discussion

On remand, this court is to determine two issues: (1) if the plaintiffs properly allege diversity of citizenship, and (2) if this court should, in its discretion, enter separate and final judgment as it relates to the order granting CSAA's motion for partial summary judgment. I address each in turn.

### A. Diversity of citizenship is met.

In sum, CSAA argues that the plaintiffs failed to properly allege diversity of citizenship because they improperly named the wrong party and never amended the pleadings. *See James Pintar and Tricia Pintar v. CSAA Gen. Ins. Co. et al.*, No. 25-3634 (9th Cir. Apr. 27, 2026), Dkt. No. 27.

CSAA is correct in that the plaintiffs incorrectly named the wrong party. In the complaint, the plaintiffs alleged the following:

> Both jurisdiction and venue are appropriate because the Defendants are, jointly, foreign corporations that are licensed to operate in Nevada; the acts complained of herein occurred in Clark County, Nevada, and, further, the amount in controversy exceeds the jurisdictional minimum of this Court for purposes of diversity jurisdiction;
>
> and
>
> Federal jurisdiction based on diversity of the parties pursuant to 28 USC Section 1332 is invoked herein as the Plaintiffs, and each of them, are citizens of the State of Nevada and the Defendants AAA Nevada Fire & Casualty Insurance Company and AAA Insurance have **their principal place of business in the State of California**; therefore, there is complete diversity of citizenship for purposes of federal jurisdiction, and, further, the amount in controversy exceeds $75,000 as alleged herein.

Compl., ECF No. 1 at ¶¶ 5–6 (emphasis added). In their notice regarding diversity of citizenship, the plaintiffs alleged the following:

> "According to the policy of homeowners insurance between Plaintiffs and Defendant AAA Nevada Fire & Casualty Insurance Company, the principal place of business for the Defendant is AAA Insurance, **3055 Oak Road, Walnut Creek, CA 94597**,"
>
> and
>
> "Plaintiffs allege and contend that Defendant AAA Nevada Fire & Casualty Insurance Company has its **principal place of business in the State of California and it is believed to be incorporated in the State of California**."

*See* ECF No. 10 (emphasis added). At no time, did CSAA challenge diversity of citizenship in any meaningful way. Rather, in its motion for partial summary judgment, CSAA merely noted that they were named incorrectly, not that the address or citizenship was erroneous which would call diversity jurisdiction into question. *See* ECF No. 6 at 1 n.1 (noting that the defendant was "Improperly Named, Properly Named, "CSAA General Insurance Company.") and ECF No. 32 at 1 n.1 (same). Certainly, the party asserting federal jurisdiction bears the burden of proving

jurisdiction exists, *Me. Cmty. Health Options v. Albertsons Cos.*, 993 F.3d 720, 723 (9th Cir. 2021), so this court is not burden shifting. However, because the record is devoid of any meaningful challenge to the plaintiffs' notice of diversity jurisdiction, I find the defendant-acknowledged scrivener's error in naming "AAA Nevada Fire & Casualty Insurance" instead of "CSAA General Insurance Company" to be an insufficient basis to find plaintiffs failed to meet their burden. Thus, based on the information in the record, the plaintiffs properly pleaded diversity jurisdiction: the parties were diverse because the plaintiffs are residents of Nevada, the defendant is domiciled in California,[2] and the amount in controversy exceeded $75,000. *See* 28 U.S.C. § 1332(a)(1).

In an abundance of caution, however, I grant the plaintiffs limited leave to amend the complaint to correct the name of the defendant only. Further instructions are provided in the conclusion of this order.

**B.   Issuance of a separate judgment under Rule 54(b) is appropriate here.**

Having resolved the jurisdictional question, I must decide if issuing separate judgment pursuant to Rule 54(b) is appropriate. To do so, I must first determine if I am dealing with a "final judgment," meaning it must be "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956). Considering the facts and circumstances of this case, including the fact that the parties stipulated to the plaintiffs' appeal, it is appropriate to consider the order resolving CSAA's partial summary judgment motion a final judgment.

---

[2] Although judicial notice cannot suffice to establish diversity of citizenship, the court does note that a simple internet search reveals that the prior headquarters for CSAA Insurance Group Headquarters is the **same address** as that included in the plaintiffs' notice of diversity of citizenship. *Compare* ECF No. 10 at ¶ 1, *with* https://csaa-insurance.com/content/aaa-ie/b2c/en/primary-nav/contact-us.html/ (last visited May 26, 2026).

Because I find the element of finality is met here, I then evaluate "whether there is any just reason for delay." *Curtiss-Wright*, 446 U.S. at 8. Here, taking "into account judicial administrative interests as well as the equities involved," *id.*, there is no just reason for delay. Given the parties' stipulation permitting appeal on one claim, entering final judgment will not result in piecemeal litigation, and final judgment will allow for resolution of the pending appeal.

Accordingly, the plaintiffs have met their burden showing entering final judgment under Rule 54(b) is warranted. *See U.S. Fire Ins. Co. v. Williamsburg Nat. Ins. Co.*, 2009 WL 650578, at *2 (E.D. Cal. Mar. 12, 2009) (explaining that the party seeking Rule 54(b) certification bears the burden to show that certification is warranted.).

## IV.     Conclusion

IT IS THEREFORE ORDERED that the order [ECF No. 42] granting in part CSAA's motion for partial summary judgment is hereby considered a final judgment pursuant to Rule 54(b). Nothing in this order disturbs the other findings set forth in that order, nor the parties' stipulation to dismiss the breach of contract claim [ECF No. 62].

IT IS FURTHER ORDERED that the plaintiffs must file an amended complaint correctly identifying the defendant and their address by June 4, 2026.

The Clerk of Court is kindly directed to enter judgment in favor of CSAA General Insurance Company on claim one: breach of the covenant of good faith and fair dealing.

Dated: May 27, 2026

_____
Cristina D. Silva
United States District Judge

7